# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-1390

———————

Missouri Coalition for the    *
Environment; Missouri Parks    *
Association,    *
   *
       Petitioners,    *
   *
     v.    *   Appeal from the Federal
   *   Energy Regulatory Commission.
Federal Energy Regulatory    *
Commission,    *
   *
       Respondent,    *
   *
AmerenUE,    *
   *
       Intervenor.    *

———————

Submitted: September 24, 2008
Filed: October 23, 2008

———————

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

———————

BENTON, Circuit Judge.

The Federal Energy Regulatory Commission (FERC) authorized reconstruction of the Taum Sauk Pumped Storage Project. Missouri Coalition for the Environment (MCE) and Missouri Parks Association (MPA) petition for review, asserting that FERC violated the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321-

47. Having jurisdiction under 16 U.S.C. § 825*l*(b), this court denies the petition for review.

I.

AmerenUE has a license to operate the Project, a hydroelectric generating plant. The license expires in 2010 (and Ameren has applied for relicensing). The Project's upper reservoir collapsed in 2005. Ameren sought FERC's authorization to reconstruct it. FERC issued a Final Environmental Assessment concluding that the reconstruction would not be a major federal action significantly affecting the quality of the human environment. The Assessment focused on the impacts of reconstruction and did not evaluate the potential impacts of operating the Project after 2010 under a future license. FERC issued a letter order approving Ameren's request to reconstruct the upper reservoir.

MCE and other organizations, not including MPA, moved to intervene in the FERC proceedings, and requested rehearing. They argued that relicensing the Project is a "reasonably forseeable future action" and, therefore, NEPA requires FERC to consider the cumulative impact to the environment from reconstruction *and* operation of the Project under a future license. FERC granted intervention, but denied rehearing. MCE and MPA petition this court to review the FERC order authorizing reconstruction of the Project.

MPA lacks standing under the Federal Power Act. "No proceeding to review any order of the Commission shall be brought by any entity unless such entity shall have made application to the Commission for a rehearing thereon." **16 U.S.C. § 825*l*(a)**. Since MPA did not request a rehearing, it cannot petition for review of FERC's order.

FERC contends that MCE lacks Article III standing. Article III standing requires a petitioner to have suffered an injury-in-fact that has a causal connection

with the challenged agency action and that likely will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "Injury under NEPA occurs when an agency fails to comply with the statute . . . . The injury-in-fact is increased risk of environmental harm stemming from the agency's allegedly uninformed decision-making." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). For an association to have standing, the interests at stake must be germane to the organization's purpose. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000). Since a potentially increased risk of environmental harm is germane to MCE's mission to preserve and enhance the physical environment, MCE has Article III standing.

The Federal Power Act restricts this court's review to issues brought before FERC in the first instance. "No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure so to do." **16 U.S.C. § 825***l***(b)**. *See Coal. for Fair and Equitable Regulation of Docks on the Lake of the Ozarks v. FERC*, 297 F.3d 771, 777 (8th Cir. 2002). MCE advances "connected actions," "cumulative actions," and "cumulative impact" arguments on appeal. MCE raises its connected and cumulative actions claims for the first time, but contends the arguments all address the same issue. To the contrary, the connected and cumulative actions analyses are separate and distinct from the cumulative impact analysis under the Council on Environmental Quality regulations implementing NEPA. *Compare* **40 C.F.R. § 1508.25(a)(1)** *and* **40 C.F.R. § 1508.25(a)(2)**, *with* **40 C.F.R. § 1508.7**. This court does not have jurisdiction over MCE's connected and cumulative actions claims, and considers only the cumulative impact claim.

II.

FERC's order authorizing reconstruction must be set aside if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. **5 U.S.C. § 706(2)(A)**; *Mid-Continent Area Power Pool v. FERC*, 305 F.3d 780, 782 (8th Cir.

2002). NEPA requires FERC to take a "hard look" at the environmental consequences of an action before issuing its approval. ***Mayo Found. v. Surface Transp. Bd.***, 472 F.3d 545, 549 (8th Cir. 2006). The role of this court is to ensure that FERC adequately considered and disclosed the environmental impact of reconstruction, and that its decision is not arbitrary or capricious. ***Baltimore Gas and Elec. Co. v. Natural Res. Defense Council, Inc.***, 462 U.S. 87, 97-98 (1983).

MCE argues that FERC violated NEPA by failing to evaluate the cumulative impact from the Project's reconstruction and relicensed operation. "Cumulative impact is the impact on the environment which results from the incremental impact of the action when added to other past, present, and *reasonably foreseeable future actions* regardless of what agency (Federal or non-Federal) or person undertakes such other actions." **40 C.F.R. § 1508.7** (emphasis added). At issue is whether relicensed operation is a reasonably foreseeable future action.

MCE asserts that relicensed operation is reasonably foreseeable because reconstruction increases the likelihood of relicensing. This assertion is unfounded. FERC concluded that reconstruction will not influence its relicensing determination:

> [T]he Director's approval of the dam reconstruction does not prejudice the Commission's decision on the relicense application. In contrast to a repair application, in a relicense proceeding both the FPA and NEPA require the Commission to examine whether the renewed commitment of a public resource to hydroelectric generation will be best adapted to the comprehensive development of the waterway for beneficial public purposes. . . . In short, there is no legal or factual basis for concluding, as Petitioners maintain, that relicensing should be considered a reasonably foreseeable consequence of the reconstruction authorization.

*AmerenUE*, 121 F.E.R.C. ¶ 61,270 at P 14 (2007). The cases MCE cites for the proposition that "construction and operation of a facility are sufficiently related to require that the impacts be evaluated together" are inapposite since none addresses the relationship between *reconstruction under an existing license* and *future operation under a new license*. *See **Ocean Advocates v. U.S. Army Corps of Eng'rs***, 402 F.3d

-4-

846 (9th Cir. 2005); *Fuel Safe Wash. v. FERC*, 389 F.3d 1313 (10th Cir. 2004); *Mid States Coal. for Progress v. Surface Transp. Bd.*, 345 F.3d 520 (8th Cir. 2003); *Nat'l Wildlife Fed'n v. FERC*, 912 F.2d 1471 (D.C. Cir. 1990); *Concerned About Trident v. Rumsfeld*, 555 F.2d 817 (D.C. Cir. 1977).  On this record, relicensed operation is not a reasonably foreseeable future action.

FERC decided not to consider relicensed operation in its Assessment "as that is being evaluated under the Commission's relicensing proceeding."  In comments to FERC, the United States Forest Service stated that "operation of the facility as a result of re-construction of the upper reservoir would be a connected action and should not be considered outside the scope of this project."  However, NEPA does not require FERC to accept the input or suggestions of other agencies.  *Ark. Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, 431 F.3d 1096, 1101 (8th Cir. 2005).  It is up to FERC to determine the value of another agency's comments.  *Id.*  The compliance regulations governing reconstruction under Ameren's existing operating license are indeed separate and distinct from the more stringent regulations governing relicensing.  *Compare* **16 U.S.C. § 803(c)** *and* **18 C.F.R. § 12.4(b)**, *with* **16 U.S.C. § 797(e)** *and* **16 U.S.C. § 808**.  FERC's decision not to include the impacts of relicensed operation in its environmental assessment of reconstruction was not arbitrary or capricious.

III.

The petition for review is denied.

_____